5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tina C. DEBACA; James Miner; Elena Anita Moreno, on behalf
of themselves, and all others similarly situated,
Plaintiffs-Appellants,
v.
COUNTY OF SAN DIEGO; Norman Hickey, Chief Administrative
Officer of San Diego County; Brian P. Bilbray, County Board
of Supervisors; Susan M. Golding, County Board of
Supervisors; Leon L. Williams, County Board of Supervisors;
John McDonald, County Board of Supervisors, Defendants-Appellees.
 No. 92-55661.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
 Decided Sept. 27, 1993.
 
 1
 Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants brought a class action on behalf of all Hispanic, African-American, and Asian citizens residing in the County of San Diego against appellees (the County, the members of the County Board of Supervisors, and the County's Chief Accounting Office Director), alleging that the County's 1991 supervisorial redistricting violated the Fourteenth Amendment and Sec. 2 of the Voting Rights Act, 42 U.S.C. Sec. 1973 (1988), by intentionally fragmenting the minority community and by diluting minority voting power.
 
 
 4
 Appellees filed a motion for summary judgment, while appellants sought class certification and a preliminary injunction of the Board of Supervisors primary election scheduled for June 2, 1992. The hearing on appellees' summary judgment motion was originally set for March 2, 1992; however, appellants sought additional discovery time and wished to have their own preliminary injunction motion heard at the same time. By stipulation, the hearing date for both motions was reset for April 27. That date was subsequently extended to May 11.
 
 
 5
 On May 11, 1992, the district court actually heard three separate motions: appellees' motion for summary judgment, appellants' motion for a preliminary injunction, and appellants' motion for class certification. The court granted appellees' motion for summary judgment and dismissed appellants' motions as moot.
 
 
 6
 Appellants appeal the entry of summary judgment, as well as an order by which Judge Gilliam transferred the case to Judge Rhoades. We affirm the district court on both issues.
 
 II. Summary Judgment
 
 7
 We review the grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). To survive summary judgment, appellants "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).
 
 A. Fourteenth Amendment Claim
 
 8
 A redistricting plan violates the Fourteenth Amendment if it is "conceived or operated as [a] purposeful device[ ] to further racial discrimination by minimizing, cancelling out or diluting the voting strength of racial elements in the voting population." Rogers v. Lodge, 458 U.S. 613, 617 (1982) (citation and internal quotation omitted). Discriminatory intent need not be proved by direct evidence; it may be "inferred from the totality of the relevant facts, including the fact, if true, that the law bears more heavily on one race than another." Id. at 618.
 
 
 9
 We agree with the district court that appellants failed to make any showing of intentional discrimination against the entire multiethnic group on whose behalf the action was brought. As Judge Rhoades noted, "there is some evidence in the record suggesting that Hispanics could meet the intent part of the test for a constitutional violation." See also Garza v. County of Los Angeles, 918 F.2d 763, 778 (9th Cir.1990) (Kozinski, J., concurring and dissenting in part) ("Protecting incumbency and safeguarding the voting rights of minorities are purposes often at war with each other."), cert. denied, 498 U.S. 1028 (1991). There is no evidence in the record, however, suggesting that African-American and Asian citizens could do the same.
 
 B. Voting Rights Act Claim
 
 10
 The Supreme Court has declared Section 2 to mean that a violation may be proved "by a showing of discriminatory effect alone." Thornburg v. Gingles, 478 U.S. 30, 35 (1986). The Court in Gingles laid out three prerequisites for plaintiffs bringing Section 2 claims based upon discriminatory effect: (1) geographical compactness of the minority group; (2) minority political cohesion; and (3) majority bloc voting. Id. at 50-51. Just last term, the Court explicitly extended Gingles to the single-member district context at issue in this case. Growe v. Emison, 113 S.Ct. 1075, 1084 (1993).
 
 
 11
 The district court correctly concluded that appellants made no showing of political cohesiveness among the multiethnic class as a whole. Appellants essentially concede as much. Appellants' Opening Brief at 36 ("The court does not err as to the analysis itself, but the need for further discovery and evidence.").
 
 C. Time for Discovery
 
 12
 Appellants have devoted considerable effort on appeal to arguing that they lacked sufficient time to complete discovery before the district court heard appellees' motion for summary judgment. The Federal Rules of Civil Procedure make explicit provision for just this situation; Rule 56(f) allows the opponent of a motion for summary judgment to file an affidavit explaining the need for a continuance. While appellants provided some of the explanation in their memoranda and declarations opposing summary judgment, they never filed a Rule 56(f) motion or affidavit.
 
 
 13
 Appellants thus contend that Judge Rhoades should have continued the summary judgment motion sua sponte. We review the district court's failure to continue the motion and permit additional discovery for abuse of discretion. Bryant v. Ford Motor Co., 886 F.2d 1526 (9th Cir.1989), cert. denied, 493 U.S. 1076 (1990).
 
 
 14
 The failure to file a Rule 56(f) motion, while not automatically fatal to appellants' contention, weighs strongly against any finding of abuse of discretion. See id. at 1534 (citing cases); Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) ("Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."). Other factors we consider are: whether the opposing party had reasonable opportunities to conduct discovery before the district court's ruling, see Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988); whether it used the time available diligently, see Brae, 790 F.2d at 1443; and whether it could have unearthed useful information through further discovery, see Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306-07 (9th Cir.1986).
 
 
 15
 Appellants did not have to present a winning case based on complete preparation for trial. They had merely to present sufficient evidence to suggest that there was a genuine dispute as to elements essential to their case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). More than seven months had passed from the filing of the County's answer until the hearing on its summary judgment motion on May 11, 1992. Appellants had known since November 1991 that appellees would seek summary judgment. Appellants had conducted considerable discovery by the time of the hearing, see Appellees' Brief at 15-16, and they offer no convincing explanation for the failure by that date to produce any evidence with respect to either intentional discrimination against African-Americans and Asians or political cohesiveness of the class as a whole. Indeed, the showing made by appellants offered little promise that any such evidence might be forthcoming.
 
 
 16
 In addition, appellants had stipulated to a joint hearing date (which was then extended by two weeks) for both the summary judgment motion and their own preliminary injunction motion. We fail to understand how appellants genuinely believed they could demonstrate a likelihood of success on the merits, as they must have if the preliminary injunction motion was not frivolous, without having time to present a genuine issue for trial. Appellants' Reply Brief at 1-2.
 
 
 17
 The district court did not abuse its discretion by failing to continue appellees' summary judgment motion sua sponte.
 
 III. Transfer
 
 18
 Appellants contend that the transfer of the case from Judge Gilliam to Judge Rhoades was "improper" (Appellants' Opening Brief at 38). "The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court." 28 U.S.C. Sec. 137 (1988). Here, Local Rule 40.1(a) expressly authorizes the transfer of cases between judges: "[t]he judge to whom a case is assigned may transfer such a case at any time to a consenting judge in the interest of efficient administration of the judicial business of the district." (emphasis added). Judge Gilliam cited precisely this rationale in his transfer order, and appellants cite no meaningful evidence or authority to support their contention.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3